UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00268

**Jay Williams,**
*Plaintiff,*

v.

**Department of Justice,**
*Defendant.*

**ORDER**

Plaintiff Jay Williams, an inmate of the Henderson County Jail proceeding pro se, filed this civil lawsuit without paying the filing fee in the United States District Court for the Western District of Pennsylvania. The case was transferred to this court for proper venue and referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b).

On August 1, 2024, the magistrate judge issued a report recommending that the court bar the plaintiff from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g) and dismiss this case as barred by the sanctions previously imposed by this court, which prohibit him from filing any lawsuit in this district without representation by licensed counsel and full prepayment of the filing fee. Doc. 5. The magistrate judge also recommended that plaintiff be warned that further efforts to evade that sanction will result in additional sanctions. *Id.* at 3. Finally, the magistrate judge recommended that the filing fee be assessed against plaintiff's inmate trust account. *Id.* A copy of the report was mailed to the plaintiff on August 1, 2024. Plaintiff has not filed written objections.

When no party objects to the magistrate judge's report and recommendation, the court reviews it only for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). Having reviewed the magistrate judge's report, and being satisfied that it contains no clear error, the court accepts its

findings and recommendation as modified. The plaintiff is denied leave to proceed as a pauper, and this case is dismissed with prejudice for purposes of proceeding in forma pauperis under 28 U.S.C. § 1915(g)—but without prejudice as to the refiling of the lawsuit, through licensed counsel, with payment of the full filing fee. Plaintiff is cautioned that he is prohibited from filing in an improper venue a pro se lawsuit for events arising within the venue of this court without full payment of the fee, and that upon transfer of any such lawsuit to this court, the court will impose further sanctions as necessary to prevent the plaintiff's abuse of the litigation process.

Finally, "the obligation of a filing fee attaches at the time of filing and the obligation remains despite the disposition of the case." *Johnson v. Rhodes*, 220 F.3d 587 (Table), 2000 WL 960495, at *1 (5th Cir. Jun. 14, 2000). Because plaintiff is ineligible to proceed in forma pauperis, he owes the full filing fee of $405, which the magistrate judge shall assess by separate order.

*So ordered by the court on November 4, 2024.*

J. CAMPBELL BARKER
United States District Judge